**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Samir Aghar,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Fred Figueroa, et al.,<br><br>　　　　　Respondents. | No. CV-25-03147-PHX-KML (CDB)<br><br>**ORDER** |

Petitioner Samir Aghar, who is currently confined in the Eloy Detention Center, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) and paid the filing fee. Petitioner also filed a motion for temporary restraining order and preliminary injunction and for appointment of counsel. (Docs. 2, 3.) The motion for appointment of counsel is granted and respondents must file an expedited answer to the petition and expedited response to the motion for injunctive relief.

Petitioner names as respondents Eloy Detention Center Warden Fred Figueroa, Immigrations and Customs Enforcement Field Office Director John Cantu, United States Attorney General Pam Bondi, and Department of Homeland Security Secretary Kristi Noem.

Petitioner alleges that he—a native and citizen of Afghanistan—entered the United States as a minor on October 28, 2023 to seek asylum. (Doc. 1 ¶ 12.) He was taken into custody by Customs and Border Control, claimed a credible fear of persecution if returned to Afghanistan, was issued a notice to appear, and was placed in foster care for

unaccompanied alien children. (Doc. 1 ¶ 12.) On March 27, 2024, he was served with a superseding notice to appear, which initiated removal proceedings under § 240 of the Immigration and Nationality Act. (Doc. 1 ¶ 13.) When petitioner applied for asylum, his removal proceedings were administratively closed, but his asylum application was ultimately denied. (Doc. 1 ¶ 14.) On the day he turned eighteen in April 2025, ICE agents arrested petitioner at the foster home where he was living and placed him in immigration detention where he remains. (Doc. 1 ¶ 15.)

Petitioner alleges his detention violates his Fifth Amendment due process rights in three ways. He first claims there is no possibility he will be removed to Afghanistan if his asylum proceedings result in a final order of removal. Next petitioner claims the failure to consider him for placement with a sponsor is unlawful. Finally, petitioner challenges his detention without receiving a bond hearing before a neutral decisionmaker.

Respondents must answer the petition and respond to the motion for injunctive relief on an expedited basis. Petitioner also moves for the appointment of counsel. The court finds the interests of justice support appointment of counsel in this matter and will grant the motion. 18 U.S.C. § 3006A(a)(2)(B).

**IT IS ORDERED:**

(1)     Petitioner's motion for appointment of counsel (Doc. 2) is **granted**. Assistant Federal Public Defender Keith Hilzendeger is appointed to represent petitioner in this case pursuant to 18 U.S.C. § 3006A(a)(2)(B).

(2)     The Clerk of Court must enter the appearance of Assistant Federal Public Defender Hilzendeger on behalf of petitioner in this action.

(3)     Counsel for petitioner must immediately serve the petition upon Respondents.

(4)     If not already issued, the clerk's office must issue any properly completed summonses.

(5)     The clerk of court must immediately transmit by email a copy of this order and a copy of the petition and motion for injunctive relief (Docs. 1, 3) to the United States

Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

(6)   Respondents must respond the Motion for Temporary Restraining Order and Preliminary Injunction no later than **September 8, 2025**. Petitioner may file a reply no later than **September 11, 2025**.

(7)   Respondents must answer the petition within **twenty days** of the date of service.

(8)   Petitioner may file a reply within **ten days** from the date of service of the answer.

Dated this 2nd day of September, 2025.

*/s/ Krissa M. Lanham*
**Honorable Krissa M. Lanham**
**United States District Judge**